UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chip Rasor,

Plaintiff,

v.

Federal Bureau of Prisons,
J.F. Caraway, Martin Anderson,
David Baker, Ronald Defrance,
Trevor Kroger, Alan Prater,
Patricia Smith, Charles Wessburg,
Mark Karakash, David Olson,

Defendants.

Civil No. 05-981 (DWF/FLN)

**REPORT AND RECOMMENDATION**

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss [#24]. Plaintiff Chip Rasor brings suit pursuant to Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971), alleging his Eighth Amendment rights were violated while he was incarcerated at the Federal Prison Camp in Duluth, Minnesota. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendants' Motion be granted.[1]

## I. BACKGROUND

Plaintiff, a prisoner incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"), has sued the Federal Bureau of Prisons ("BOP") and ten BOP staff members in their official and individual capacities. Plaintiff alleges that the general prison conditions are

---

1 Plaintiff never submitted a memorandum in opposition to Defendants' Motion to Dismiss.

unconstitutional because they are overcrowded, built with improper materials, are improperly ventilated, and have insufficient and antiquated electrical service. See Complaint [#1], Count I. He alleges that Defendants failed to monitor persons working in food service for health and cleanliness, and failed to provide medically necessary diets. He alleges Defendants failed to provide adequately supervised recreational facilities and conduct live fire drills as required by BOP and American Correctional Association ("ACA") standards. See Complaint, Count II. He further alleges that Defendants discriminated against him based on his religious beliefs, and subjected him to second-hand smoke, a known carcinogen, in violation of BOP standards. See Complaint, Count III. He seeks actual, nominal, and punitive damages pursuant to Bivens.

Defendants move to dismiss Plaintiff's claims on several grounds, including lack of subject matter jurisdiction under the doctrine of sovereign immunity; failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA")[2]; failure to effect proper service; failure to state a claim; and qualified immunity.

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss, a court is limited to considering the allegations of the Complaint, must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Only facts alleged in a complaint and material attached to the complaint, which form part of the pleadings, are properly

---

2 Defendants argue that the Complaint should be dismissed for Plaintiff's failure to exhaust his administrative remedies, but the record indicates that Plaintiff had an anticipated release date of February 9, 2006. See Def. Mem. p. 3. Because the PLRA's exhaustion requirement only applies to persons incarcerated or detained (see 42 U.S.C. § 1997e(h); Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998)), the Court does not further address this argument.

considered on a motion to dismiss. See County of St. Charles, Mo. v. Mo. Family Health Council, 107 F.3d 682, 684 n. 3 (8th Cir.1997). A court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981).

**B. Sovereign Immunity**

Sovereign immunity bars Plaintiff's Bivens claims against the BOP and the individual Defendants in their official capacities. The doctrine of sovereign immunity provides that the United States is immune from suit unless it unequivocally consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990) (citation omitted). The waiver of sovereign immunity must be clear and unmistakable. United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation omitted). Moreover, courts must narrowly construe the waiver. In the absence of express congressional consent, the Court lacks jurisdiction to entertain a suit against the United States. United States v. Sherwood, 312 U.S. 584, 587-88 (1941).

Congress has not waived the sovereign immunity of the United States government or its

agencies for claims their employees have violated the Constitution. Bivens, 403 U.S. at 410. In the absence of waiver, the doctrine of sovereign immunity prevents the prisoner from bringing a Bivens claim against the officer in his official capacity as an employee of the United States or the BOP. A federal prisoner may only bring a Bivens claim against a BOP officer in his individual capacity. Correctional Services Corp. v. Malesko, 534 U.S. 61,71-72 (2001) ("The [federal] prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual"); see also Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).

Here, Plaintiff's suit against the BOP is barred by sovereign immunity. To the extent he sues the individual Defendants in their official capacities, the United States is the real party in interest, and sovereign immunity bars those claims. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (suits against public officials acting in their official capacities should be treated as suits against the public entity). Plaintiff's claims against the BOP and the individual Defendants in their official capacities should be dismissed for lack of subject matter jurisdiction.

**C. Service of Process**

Plaintiff's claims against Defendants in their individual capacities should be dismissed because Plaintiff has not properly served any of the individual Defendants. Properly effected service of process is a fundamental element to any lawsuit. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Defects in service of process are jurisdictional in nature. If a defendant is improperly served, a federal court lacks jurisdiction over the defendant. Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted).

Because Bivens actions are filed against federal officers in their individual capacities,

Plaintiff was required to serve the individual defendants in the manner prescribed by Federal Rule of Civil Procedure 4(e). See Fed. R. Civ. P. 4(i)(2)(B)[3]; see also Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997) (defendants in Bivens actions must be served as individuals, pursuant to Rule 4(e)).

Rule 4(e) provides that service upon an individual from whom a waiver has not been obtained and filed may be effected in any judicial district of the United States pursuant to the law of the state in which the district is located, or by personal service. See Fed. R. Civ. P. 4(e). Here, none of the individual Defendants have been served personally. See Buege Dec. [#27]. Nor has Plaintiff obtained and filed a waiver from any of the individual Defendants that would obviate the need for personal service. See Fed. R. Civ. P. 4(d)(2). Under Rule 4(d)(2), a plaintiff may notify the defendant of the commencement of the action and request that the defendant waive service of the summons. The notice of the action and the request for waiver should be made in accordance with the rules. See Fed. R. Civ. P. 4(d)(2)(D); Fed. R. Civ. P. 84; Appendix of Forms, Forms 1A and 1B. If the defendant returns the waiver and the plaintiff files the waiver with the court, "the action shall proceed...as if a summons and complaint had been served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). If the defendant does not waive service, however, service has not been effected. See Larsen v. Mayo Medical Center, 218 F.3d 863, 868-69 (8th Cir. 2000) (citing Gulley v. Mayo Found., 886 F.2d 161, 165 (8th Cir. 1989)).

---

3

Federal Rule of Civil Procedure 4(i)(2)(B) provides:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the office or employee in the manner prescribed by Rule 4(e), (f), or (g).

Here, though Plaintiff sent copies of the summons and complaint to several of the individual Defendants, he did not provide any of the Defendants with the requisite waiver of service of summons form. In the absence of a waiver obtained and filed, Plaintiff was required to effect personal service, or service pursuant to the Minnesota Rules of Civil Procedure. See Fed. R. Civ. P. 4(e). As discussed, Plaintiff did not serve the Defendants personally. Nor has he effected service pursuant to the Minnesota rules. Under the Minnesota rules, a plaintiff may commence an action through personal service of the summons on the defendant, or by mailing a copy of the summons to the defendant. Minn. R. Civ. P. 4.03(a); Minn. R. Civ. P. 4.05. If a plaintiff serves the summons by mail, he must include a "notice of acknowledgment...and a return envelope, postage prepaid, addressed to the sender." Minn. R. Civ. P. 4.05. If the plaintiff does not receive acknowledgment of service within the time defendant is required to serve an answer, service is ineffectual. Id. Here, Plaintiff did not provide the requisite notices of acknowledgment; nor did Defendants return any such acknowledgments to Plaintiff. See Buege Dec. [#27]. Plaintiff therefore failed to effect service pursuant to the Federal or Minnesota Rules of Civil Procedure. See Fed. R. Civ. P. 4(i)(2)(B); 4(e).

Rule 4(m) requires a plaintiff to effect proper service on defendants within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). Here, Plaintiff has failed to satisfy any of the prescribed methods for proper service as set forth in Rule(i), and the 120-day period has expired under Rule 4(m). Because the 120-day period has elapsed, the Court is entitled to dismiss the complaint without prejudice unless the plaintiff shows "good cause" for failure to timely serve summons and complaint on the opposing party. Fed. R. Civ. P. 4(m). Plaintiff has offered no explanation for his failure to

timely or properly serve Defendants.[4] Therefore, the action should be dismissed against them for insufficiency of service of process, under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction over the Defendants, under Federal Rule of Civil Procedure 12(b)(2).

**D. Failure to State Claim**

Even if the Court were to find that Plaintiff had properly served the individual Defendants, Plaintiff's claims would fail because he has not stated a Bivens claim against the individual Defendants as a matter of law. In a Bivens action, a federal official cannot be held vicariously liable for the acts of his subordinates under the doctrine of respondeat superior, unless he was personally involved in or participated in the unconstitutional acts. Rizzo v. Goode, 423 U.S. 362, 371, 376-77 (1976); Tallman v. Regan, 846 F.2d 494, 495 (8th Cir. 1988). Defendants are liable for their personal acts only. The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); see also Ouzts v. Cummins, 825 F.2d 1276 (8th Cir. 1987) (one cannot be held liable for another's act simply because he or she supervises one who allegedly deprived plaintiff a constitutional right). Unless plaintiff pleads an "affirmative link" between the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise," dismissal is appropriate. Bellecourt v. United States, 784 F.Supp. 623, 633 (D. Minn. 1992) (quoting McKay v. Hammock, 730 F.2d 1367, 1374

---

4 When an individual is granted leave to proceed in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Here, Plaintiff never applied for in forma pauperis status, and his "motion for order directing process of service by United States Marshall" [#14] was denied pursuant to Federal Rule of Civil Procedure 4(c)(2).

(10th Cir. 1984)); see also Buford v. Runyon, 160 F.3d 1199, 1203, n. 7 (8th Cir. 1998).

Here Plaintiff brings suit against ten staff members at FPC-Duluth, including John Caraway, acting warden; Martin Anderson, food service administrator; David Baker and Patricia Smith, unit managers; Ronald Defrance, health services administrator; Trevor Kroger, facility manager; Alan Prater, captain; Charles Wessberg, safety manager; Mark Karakash, cook foreman; and David Olson, recreation specialist. See Def. Mem. pp. 3-4. Plaintiff alleges that the Defendants created or permitted "a severely understaffed prison that is overcrowded, unhealthy, unsanitary and unsafe" and violates the Eighth Amendment's proscription against cruel and unusual punishment. See Complaint [#1] p. 1. He alleges that Defendants Caraway, Baker, Kroger, Prater, Smith and Wessberg placed him in overcrowded prison facilities and that the conditions are unsafe, unsanitary and unhealthy. See Complaint, Count I. He alleges that Defendants Caraway, Anderson, Kroger, Prater, Wessberg and Karakash force him to use an overcrowded dining room that is unsafe and unsanitary. See Complaint, Count II. He alleges that Defendants Caraway, Anderson and Karakash discriminated against him because of his religious beliefs, and that Defendants Caraway, Anderson, Baker, DeFrance, Kroger, Prater, Smith Wessberg and Olson unlawfully subjected Plaintiff to second-hand tobacco smoke. See Complaint, Count III.

Plaintiff has made bare allegations against these employees by virtue of their supervisory positions, but he fails to state with specificity how any of the individual Defendants were personally involved or participated in the alleged unconstitutional acts. Though Plaintiff explains at great length how the conditions at FPC-Duluth allegedly violate BOP and ACA standards, the Complaint does not allege that Defendants had anything to do with the decisions regarding housing units, or the dining room facilities and staff. Plaintiff has alleged no facts linking the Defendants to the

alleged unconstitutional acts. Nor has Plaintiff alleged that Defendants, in their supervisory capacities, maintained discriminatory policies, or failed to provide adequate instruction or supervision in a fashion that could link them to a deprivation of constitutional rights. Because a viable Bivens claim must contain specific allegations as to the factual involvement of a named defendant, Plaintiff's action must be dismissed for failure to state a claim because he has failed to allege how Defendants were personally involved in the alleged acts. See Estate of Rosenberg, 56 F.3d at 37-38 (dismissing prisoner's action against warden and associate warden for failure to state Bivens claim for violation of Eighth Amendment because prisoner never alleged warden or associate warden had anything to do with decisions affecting medical care).

## III. RECOMMENDATION

Based upon the file, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [#24] be **GRANTED.**

DATED: March 29, 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.